IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LESLIE ROBERT BURK, *et al.*, | § | |
|   Petitioners, | § | |
| | § | |
| v. | § | Cause No. EP-25-CV-199-LS |
| | § | |
| HECTOR RIOS, *et al.*, | § | |
|   Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioners and prisoners Leslie Robert Burk, Andres Quevedo, Carlos Chavez, Anthony Rueda, Abel Gonzalez, Pu-Ruiz Bielman Alexander, Guillermo Galaz Reyes, Jesus Manuel Camarillo, and Rogelio Perez Figueroa seek class certification under Federal Rule of Civil Procedure 23. Pet'r's Pet., ECF No. 1 at 2.[1] They challenge overcrowding, excessive force, inhumane conditions, cruel and unusual punishment, and deliberate indifference in a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* at 6–7, 17–20. Their request for class certification is denied and their petition is dismissed.

## BACKGROUND

Petitioners claim that they were kept in cuffs, chains, and shackles "while inside a series of locked, overcrowded, and unsanitary holding cells" for two days during their transfer from the Otero County Prison Facility in Chaparral, New Mexico, to the El Paso County Jail in El Paso, Texas. *Id.* at 1, 6. They allege that some thirty people were held in an eight-person cell with the expectation they would sleep on the floor covered with feces and urine. *Id.* at 6. They maintain

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this cause. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

that the correctional officers on duty did not respond to their requests for water or medication. *Id*. They argue that they were subjected to overcrowding, excessive force, inhumane conditions, cruel and unusual punishment, and deliberate indifference. *Id*. at 12. Burk seeks "mercy" at his resentencing in *United States v. Burke*, EP-19-CR-1010 (W.D. Tex.). *Id*. at 20. The other Petitioners seek monetary damages or United States citizenship. *Id.* at 18.

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). As a result, a prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts the allegations as true during its initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under a more lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Upon completing the initial screening, a court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**ANALYSIS**

Petitioners complain that they were kept in what they describe as inhumane conditions for two days during their transfer from the Otero County Prison Facility in Chaparral, New Mexico, to the El Paso County Jail in El Paso, Texas. Pet'r's Pet., ECF No. 1 at 1, 6. They seek class certification, monetary damages, and other relief in their habeas petition. *Id.* at 2, 18.

**A. Class Certification**

Federal Rule of Civil Procedure 23(a) "states four threshold requirements applicable to all class actions: (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical ... of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *Amchem Prods. v. Windsor*, 521 U.S. 591, 613 (1997) (alterations in original). "In addition to these prerequisites, a party seeking class certification under Rule 23(b)(3) must also demonstrate 'both (1) that questions common to the class members predominate over questions affecting only individual members, and (2) that class resolution is superior to alternative methods for adjudication of the controversy." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129 (5th Cir. 2005) (quoting *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003)).

The Supreme Court "has never addressed whether habeas relief can be pursued in a class action." *Jennings v. Rodriguez*, 583 U.S. 281, 324 n.7 (2018) (Thomas, J., concurring). The Ninth Circuit has rejected the argument that "a petition for writ of habeas corpus can never be treated as a class action." *Mead v. Parker*, 464 F.2d 1108, 1112 (9th Cir. 1972). The Eighth Circuit has agreed with *Mead* "that under certain circumstances a class action provides an appropriate procedure to resolve the claims of a group of petitioners and avoid unnecessary duplication of

judicial efforts in considering multiple petitions, holding multiple hearings, and writing multiple opinions." *Williams v. Richardson*, 481 F.2d 358, 361 (8th Cir. 1973). The Second Circuit has opined that "the class action device should not be imported into collateral actions, at least in its full vigor as contemplated by Rule 23." *U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (1974). The Second Circuit has clarified that the All Writs Act, 28 U.S.C. § 1651, authorized courts to "fashion for habeas actions 'appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage.'" *Id.* Other circuit courts have found *Sero* persuasive and have recognized the availability of procedures analogous to Rule 23 classes in habeas action proceedings. *See LoBue v. Christopher*, 82 F.3d 1081, 1085 (D.C. Cir. 1996); *Napier v. Gertrude*, 542 F.2d 825, 827 n.2 (10th Cir. 1976); *Bijeol v. Benson*, 513 F.2d 965, 968 (7th Cir. 1975). The Fifth Circuit, however, has remained silent. *M.A.P.S. v. Garite*, No. EP-25-CV-00171-DB, 2025 WL 1479504, at *2 (W.D. Tex. May 22, 2025).

Assuming that class certification in a habeas proceeding is permissible, the Petitioners' class is not so large that joinder of all members is impracticable. Moreover, the alleged mass incidents involving overcrowding, excessive force, inhumane conditions, cruel and unusual punishment, and deliberate indifference:

> resulting in injuries to numerous persons is ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses to liability, would be present, affecting the individuals in different ways. In these circumstances an action conducted nominally as a class action would degenerate in practice into multiple lawsuits separately tried.
>
> *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 378 n.2 (5th Cir. 2016) (citing Fed. R. Civ. P. 23(b)(3) advisory committee's note to 1966 amendment).

The Court will not certify the nine Petitioners as a class.

### B. Habeas Relief

Moreover, habeas exists solely to "grant relief from *unlawful imprisonment or custody* and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) (emphasis added). To the extent that Petitioners seek compensation, "damages are not available in federal habeas corpus proceedings." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). And to the extent that Petitioners seek citizenship, "[t]here are 'two sources of citizenship, and two only: birth and naturalization.'" *Miller v. Albright*, 523 U.S. 420, 423 (1998) (quoting *United States v. Wong Kim Ark*, 169 U.S. 649, 702 (1898)).

Indeed, a civil rights suit, rather than a § 2241 petition, is the proper vehicle for challenging alleged civil rights violations. *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("We have noted that a habeas petition is the proper vehicle to seek release from custody, while a civil rights suit … is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures."). Unconstitutional conditions of confinement — even conditions that create a risk of serious physical injury, illness, or death — do not warrant release. *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir 1997)). Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention. *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979). "If a favorable determination ... would not automatically entitle [the prisoner] to accelerated release ... the proper vehicle is a [civil rights] suit." *Carson*, 112 F.3d at 820–21. "[A] prisoner may not transform a civil rights action involving the conditions of his confinement into a § 2241 petition merely by seeking sentencing relief in a manner not connected to his substantive claims." *Rios v. Commandant, U.S. Disciplinary Barracks*, 100 F. App'x 706, 708 (10th Cir. 2004). Accordingly, district courts dismiss § 2241 petitions challenging conditions of confinement for

lack of subject matter jurisdiction. *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020) (per curiam) (affirming dismissal of § 2241 petition challenging conditions of confinement for lack of jurisdiction).

Petitioners attack their conditions of confinement independently of any question related to the fact or duration of their detention. Consequently, they cannot meet their burden of proving they are in custody in violation of the Constitution or laws or treaties of the United States. They are not entitled to habeas relief based on their claims.

## CONCLUSIONS AND ORDERS

Upon completing an initial screening, the Court concludes that it appears from Petitioners' application that their claims alleging violations of their civil rights are not cognizable in a habeas review. Accordingly, the Court further concludes that it lacks the subject matter jurisdiction required to determine the validity of their claims brought in their § 2241 petition. The Court therefore enters the following orders:

**IT IS ORDERED** that Petitioners' request for certification as a class pursuant to Federal Rule of Civil Procedure 23 is **DENIED**.

**IT IS FURTHER ORDERED** that Leslie Robert Burk, Andres Quevedo, Carlos Chavez, Anthony Rueda, Abel Gonzalez, Pu-Ruiz Bielman Alexander, Guillermo Galaz Reyes, Jesus Manuel Camarillo, and Rogelio Perez Figueroa's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 2nd day of September 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**